UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

U. S. DISTRICT COURT
Eastern District of Louisiana
FILED  JAN 1 8 2008
LORETTA G. WHYTE
Clerk WP

UNITED STATES OF AMERICA,
        Plaintiff,

vs.

KEVIN JENKINS,
        Defendant.

Criminal Docket No: 00-065

Section: "C" (1)

Motion under 18 U.S.C. 3582(c)(2) and Sentencing Guideline 1B1.10 for reduction of sentence based on guideline Amendment 9 706 (crack cocaine) reducing the guideline by two-levels to USSG § 201.1 effective March 3, 2008.

## CASE SUMMARY

**Petitioner/Defendant** Kevin Jenkins was sentenced under USSG § 201.1 for cocaine base, with base offense level of 34, involving at least 150 grams but less than 500 grams of cocaine base on July 18, 2001, and with a catagory of VI.

While the guideline sentence is 235 to 293 months, the Government and the Defense entered into a plea agreement pursuant to Rule 11 (e)(1)(c) of the Federal Rules of Criminal Procedure and have stipulated to a sentence of 15 years (180 months), in turn Defendant was sentenced to just that, 180 months. Subsequently, Defendant's sentence was reduced to 144 months pursuant to Rule 35(b) Federal Rules of Criminal Procedures.

TENDERED FOR FILING

JAN 1 8 2008

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

___ Fee_____
___ Process_____
_X_ Dktd_____
_X_ CtRmDep_____
___ Doc No._____

Defendant contends that he is eligible to receive benifit from Amendment 706, and that he fits the criteria for the reduced levels.

Defendant prays that this court uses it's descretion when considering to whether or not that Defendant's sentence be reduced, considering the United States Sentencing Commission's reason for this Amendment.

Current data and information continue to support the commission's consistently held position that the 100-to-1 drug quantity ratio significantly undermines various congressional objectives set forth in the Sentence Reform Act and elsewhere. These findings were more thoroughly explained in a report sent to Congress, on May 15, 2007, and a number of recomendations for modifications to the statutory penalties for crack cocaine offenses. It is the Commission's firm desire that this report will facilitate prompt congressional action addressing the 100-to-1 ratio. The 100-to-1 ratio is unwarranted, unjust, and creates a racially disproportionate impact.

Defendant further prays this Court will deem that a proportionate and fair sentence may fall below the 2-level reduction being that the Commission's position is that this Amendment is promulgated as an interim measure to alleviate some of the problems associated with the 100-to-1 drug quantity ratio. Under the recently decided Supreme Court case United States vs. Kimbrough, this case gives District Court judges discretion to adjust a sentence that may be fair, just, proportionate, and where it does not create a disparity or racially disproportionate impact.

Considering the facts in this motion, Defendant prays that this court will reduce his sentence as the court deems appropriate.

Respectfully submitted,

Date:

## CERTIFICATE OF SERVICE

I hereby certify that on this __1__ day of __13_____, 2008, a true copy of this foregoing motion was served by the United States Postal Service to the following:

UNITED STATES ATTORNEY OFFICE
500 POYDRAS STREET
N.O., LA. 70130

 

Respectfully submitted,

_Kevin Jenkins_  26974-034
KEVIN JENKINS         PRO SE
REG #:
FCC YAZOO CITY (LOW)
p.o. box 5000
YAZOO CITY, MS  39194

Kevin Jenkins
FCC Low 26974-034
P.O Box 5000
Yazoo City MS 39194

United State District Court
Judge Helen G. Berrigan
Section C
500 Poydras St.
New Orleans LA 70130

